YALE K. KIM (BAR NO. 188895)
ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
515 South Figueroa Street, Ninth Floor
Los Angeles, California 90071-3309
Phone:  (213) 622-5555
Fax:  (213) 620-8816
Email: ykim@allenmatkins.com

Attorneys for Onni 600 Wilshire
Limited Partnership



**FILED & ENTERED**

**AUG 22 2016**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell  DEPUTY CLERK

**CHANGES MADE BY COURT**

**NOT FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>GPLA, INC.,<br><br>Debtor. | Case No. 2:16-bk-13416-RK<br><br>Chapter 7<br><br>**ORDER DISAPPROVING WITHOUT PREJUDICE STIPULATION BETWEEN TRUSTEE AND LANDLORD CREDITOR (I) FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE CLAIM FOR POST-PETITION LEASE OBLIGATIONS, AND (II) TO MODIFY AUTOMATIC STAY TO PERMIT SETOFF AND APPLICATION OF SECURITY DEPOSIT** |

The "Stipulation (I) for Allowance and Payment of Administrative Claim for Post-Petition Lease Obligations, and (II) to Modify Automatic Stay to Permit Setoff and Application of Security Deposit" ("Stipulation"), ECF 34, filed on July 28, 2016, executed by and between Rosendo Gonzalez, the Chapter 7 Trustee ("Trustee") of the estate of GPLA, Inc., on the one hand, and creditor Onni 600 Wilshire Limited Partnership, a Nevada limited partnership ("Landlord Creditor"), on the other hand, is pending before this court for review and approval without notice and hearing.  Yale K. Kim of Allen

Matkins Leck Gamble Mallory & Natsis LLP signed the Stipulation on behalf of Landlord Creditor, and Helen R. Frazer of the Law Office of Helen Ryan Frazer signed the Stipulation on behalf of Trustee.

The Stipulation between Trustee and Landlord Creditor seeks court approval of, among other things, to modify the automatic stay to permit Landlord Creditor "to setoff and apply the Security Deposit [in its possession] against Landlord's [Creditor's] general unsecured claim as asserted in the Proof of Claim." On July 1, 2016, Landlord Creditor filed Proof of Claim No. 7-1 asserting a general unsecured claim against the estate in the amount of $221,612.96 arising from the post-petition rejection of the lease on May 31, 2016. Having read and considered the Stipulation, the court determines that the Stipulation should be disapproved without prejudice for the following reasons.

The court first notes that the stipulating parties, Landlord Creditor and Trustee, provided no legal authority in their Stipulation to support the court's exercise of its judicial discretion to approve the relief sought in the Stipulation without notice and hearing. However, it appears to the court that the law applicable to the relief sought by the stipulating parties requires the exercise of the court's discretion only upon notice and hearing.

The various separate forms of relief sought in the Stipulation are: (1) the Stipulation requests the court to allow the Landlord Creditor to set off Debtor's security deposit with the Landlord Creditor of $68,739.08, a prepetition assets, against the administrative expense claim for rent that the Landlord Creditor has against the bankruptcy estate under the Lease entered into by Debtor prepetition reducing the amount from $43,718.97 to $10,000.00 and allowing Landlord Creditor to apply the balance of the security deposit to partially pay down its prepetition general unsecured claim of $221,612.96, 11 U.S.C. § 503(a) and (b) (generally, a creditor may file a request for payment of an administrative expense claim, which shall be allowed after notice and hearing); 3 March, Ahart and Shapiro, *California Practice Guide: Bankruptcy,* ¶¶ 17:1760 and 17:1761 at 17-228 (2015)(distributions to creditors in a Chapter 7 bankruptcy case

generally coincides with filing of trustee's final account, but the court has power to authorize interim distributions upon assurance of sufficient remaining funds to pay all administrative expense claims), *citing inter alia,* Federal Rule of Bankruptcy Procedure 3009, *In re Energy Co-op, Inc.,* 173 B.R. 363, 372 (N.D. Ill. 1994) and *In re Quid Me Broadcasting, Inc.,* 181 B.R. 715, 717-720 (Bankr. W.D.N.Y. 1995); (2) thus, the Stipulation would immediately allow Landlord Creditor to set off Debtor's security deposit against its reduced postpetition administrative expense claim and its prepetition general unsecured claim, and it is unclear whether or not this is permitted under the setoff provisions of 11 U.S.C.§ 553 because the claims are not mutual since the setoff of Debtor's prepetition security deposit is against both postpetition and prepetition claims of Landlord Creditor, *In re Watson,* 78 B.R. 267, 273 (Bankr. C.D. Cal. 1987) ("To be eligible for setoff [under 11 U.S.C. § 553], both the mutual claim of the creditor and the debt of the debtor must have arisen prior to the commencement of the case."), *quoting,* 4 *Collier on Bankruptcy,* ¶ 553.08[1] (15th ed. 1987)(internal quotation marks and citations omitted); *see also,* 5 Resnick and Sommer, *Collier on Bankruptcy,* ¶ 553.03[3][c][iii] at 553-34 – 553-25 (16th ed. 2016)("Although funds held in trust are generally not eligible for setoff, an exception existing for security deposits that are specifically intended to afford the creditor some form of protection against the debtor's nonpayment. . . For example, a landlord may offset a security deposit against a claim for prepetition rent, even though state law provides that the lessee retains title to the deposit and that the landlord must hold it in trust in a separate account.")(footnote and citations omitted); (3) the Stipulation would also mean that Landlord Creditor would be paid immediately on its administrative expense claim and its prepetition general unsecured claim, regardless of the fact that no other distributions have been made on administrative expense claims and prepetition general unsecured claims of other creditors, without a showing of the factors that the court would consider in exercising its discretion to allow the immediate payment of a postpetition administrative expense claim and the "interim" payment of a prepetition general unsecured claim to Landlord Creditor, such as, for example, whether the

payment of such expenses would be "ordinary course" under 11 U.S.C. § 363(c)(1)(if the business of the debtor is authorized to be operated, the trustee or debtor-in-possession may enter into transactions in ordinary course of business without notice or hearing, 11 U.S.C. § 503(a) and (b); 3 March, Ahart and Shapiro, *California Practice Guide: Bankruptcy,* ¶ 17:720 at 17-88 (2015)("The bankruptcy court generally has discretion to determine when administrative expenses are to be paid."), *citing inter alia, In re Verco Industries,* 20 B.R. 664, 665 (9th Cir. BAP 1982); *id.,* ¶ 17:731 at 17-89 (2015), *citing,* 11 U.S.C. § 363(c)(1); *id.,* ¶ 17:730 at 17-890 ("Courts take into account several factors in determining whether an administrative expense should be paid immediately: [1] the likelihood all administrative claims will be paid in full; [2] whether the administrative claimant could repay any payment that proves to be excessive; [3] the status of the case (i.e., how close a Chapter 11 or 13 case is to confirmation); [4] whether the expense was incurred in the ordinary course of the debtor's business."), *citing, In re Cardinal Industries, Inc.,* 109 B.R. 738, 742-743 (Bankr. S.D. Ohio 1989) and *In re Western Farmers Association,* 13 B.R. 132, 135 (Bankr. W.D. Wash. 1981); *id.,* ¶¶ 17:1760 and 17:1761 at 17-228 ("Distributions ('dividends') to creditors in Chapter 7 are to be made 'as promptly as practicable' . . . In most cases, no distributions are made until the trustee has liquidated the estate assets and filed a final account. . . The court has the power to authorize interim distributions in a Chapter 7 case to the holders of prepetition unsecured claims.  However, it will only do so if assured there will be sufficient remaining funds to pay all administrative claims (including those that might accrue in the future)."), *citing inter alia,* Federal Rule of Bankruptcy Procedure 3009; *In re Energy Co-op, Inc.,* 173 B.R. at 372 and *In re Quid Me Broadcasting, Inc.,* 181 B.R. at 717-720; (4) the Stipulation by its terms is in fact a compromise of the claims of the Landlord Creditor within the meaning of Rule 9019 of the Federal Rules of Bankruptcy Procedure ("FRBP"), which requires that the court must review the particular circumstances of the case and find that the compromise is fair, equitable and in the best interests of the estate, *In re A & C Properties,* 784 F.2d 1377, 1380-1381 (9th Cir. 1986)(citations omitted); and (5) the

Stipulation seeks relief from the automatic stay upon stipulation without notice and hearing to effectuate these forms of relief, including Landlord Creditor's immediate setoff of estate property against its postpetition and prepetition claims, 3 March, Ahart and Shapiro, *California Practice Guide: Bankruptcy,* ¶ 17:193 at 17-24 ("A creditor's *entitlement* to set off a mutual debt under nonbankruptcy law does not itself mean the creditor may *exercise* that right in bankruptcy. If the setoff has not occurred *before* filing of the bankruptcy petition, the right of setoff is *suspended* by the automatic stay.")(emphasis in original), *citing,* 11 U.S.C. §§ 362(a)(7) and 553(a); *Citizens Bank of Maryland v. Strumpf,* 516 U.S. 16, 18-19 (1995).

   First and foremost, the stipulation effectuating a compromise of the estate's liability on the claims of Landlord Creditor whereby the amount of the claims is allowed and paid is subject to Rule 9019 of the Federal Rules of Bankruptcy Procedure requiring notice and hearing, which means service of notice on all creditors, the United States Trustee, the debtor and any indenture trustees. *See also*, Rule 2002(a)(3) of the Federal Rules of Bankruptcy Procedure. While the proposed compromise in the Stipulation may be within the reasonable business judgment of Trustee because it reduces the estate's administrative expense claim liability in cutting Landlord Creditor's postpetition administrative expense claim by about $30,000 (which claim competes with administrative expense claims of Trustee and his counsel, but the reduction of which claim may also possibly increase the dividend to general unsecured creditors in this Chapter 7 case), the procedural requirements of Rule 9019 requiring notice and hearing must be complied with. Thus, it would be within the court's discretion to approve a settlement under Rule 9019 to allow the setoff of Debtor's security deposit against Landlord Creditor's prepetition and postpetition claims, despite the lack of mutuality of claims as referenced in 11 U.S.C. § 553(a). Immediate allowance and payment of Landlord's administrative expense claim requires the exercise of the court's discretion upon notice and hearing under 11 U.S.C. § 503(b). Interim payment of Landlord Creditor's prepetition general unsecured claim from estate property, the security deposit,

also requires the exercise of the court's discretion upon notice and hearing under 11 U.S.C. §§ 363(b) and the legal authorities for an interim distribution to this creditor cited herein because this would not be an ordinary course use of estate property since it is payment of a prepetition general unsecured claim of a single creditor ahead of the general Chapter 7 distribution to all creditors.

"Stipulations lifting or agreeing to relief from the stay are enforceable so long as they are *properly noticed* to creditors and *approved by the court*" pursuant to Rule 4001(d) of the Federal Rules of Bankruptcy Procedure.  2 March, Ahart & Shapiro, *California Practice Guide: Bankruptcy*, ¶ 8:2326 at 8(II)-123 (emphasis in original), *citing,* Federal Rule of Bankruptcy Procedure 4001(d).  "The noticed motion requirement was added to the FRBP 'to remedy what was perceived as a growing problem of 'sweetheart' deals' between the debtor and powerful secured creditors who would exact  favorable 'adequate protection' for the continued use of collateral, often to the detriment of  the estate or other creditors.'"  *Id.*, ¶ 8:2327 at 8(II)-123, *citing inter alia*, In re Manchester Center, 123 B.R. 378, 381 (Bankr. C.D. Cal. 1991).  However, "[a] noticed motion for court  approval of a stipulation to lift the stay or to pay adequate protection is *not* required where  the movant files a proper motion for relief from the stay and *thereafter settles* the motion  with an agreement to lift the stay or pay adequate protection."  *Id.*, ¶ 8:2328 at 8(II)-123 (emphasis in original).  But this is not the situation here because there is no pending motion for relief from stay.

"A motion to approve a stipulation to lift the stay/pay adequate protection (often referred to as a '4001(d)' motion must be accompanied by a *copy of the proposed stipulation*."  *Id.*, ¶ 8:2340 at 8(II)-124 (emphasis in original).  "Also, the motion should be accompanied by a *supporting declaration* demonstrating that the agreed-upon terms are within the sound business judgment of the debtor (or trustee)."  *Id.* (emphasis in original; citation omitted).  The 4001(d) motion must be served on the debtor, debtor's counsel, the United States Trustee and such other parties as the court directs.  *Id.*, ¶ 8:2342 at 8(II)-124, *citing,* Federal Rule of Bankruptcy Procedure 4001(d)(1) and Local Bankruptcy Rule

2002-2(a)(1).  The court notes that Rule 4001(d) does not specifically reference the creditors, but provides the court with discretion that it may direct that service be made on any other entity, presumably to assure that notice is given to those parties who may be affected by an agreement or stipulation relating to stay relief, so that such parties have an opportunity to scrutinize the agreement or stipulation for themselves.  Because the Stipulation affects an asset of the bankruptcy estate, specifically, Debtor's security deposit of $68,739.08 in Landlord Creditor's possession which it now intends to set off against its prepetition and postpetition claims without any payment of the administrative expense and general unsecured claims of other creditors, the court directs that all creditors be served with the Stipulation so that they are given an opportunity to scrutinize it and determine whether it impairs their rights, and thus, insistence here on the procedural requirements of due process is not a formalistic exercise as it ensures transparency in the court's exercise of discretion to grant the relief sought by the parties in their stipulation pursuant to the Bankruptcy Code and Rules.

As discussed herein, the Stipulation is problematic because the applicable procedures and standards of the Bankruptcy Code and Rules have not been satisfied, and this warrants disapproval of the Stipulation by the court at this time.  Accordingly, based on the foregoing,

IT IS HEREBY ORDERED that the Stipulation and relief requested therein are DISAPPROVED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

Date: August 22, 2016

_____
Robert Kwan
United States Bankruptcy Judge